IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| REGINALD KELLY, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 5:13-CV-423-MTT-MSH |
| VS. | : | 28 U.S.C. § 2241 |
| | : | |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| | : | |
| Respondents. | : | |
| _____ | : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondents' motion to dismiss Petitioner's application for writ of habeas corpus for lack of exhaustion. (ECF No. 9.) For the reasons explained below, it is recommended that Respondents' motion be granted and Petitioner's petition dismissed.[1]

## **DISCUSSION**

Petitioner, an inmate currently confined at Washington State Prison in Davisboro, Georgia, filed the pending petition for writ of habeas corpus on November 8, 2013. (Pet. for Writ of Habeas Corpus, ECF No. 1.)[2] Therein, Plaintiff alleges that the Georgia Department of Corrections ("GDOC") and Department of Offender Rehabilitation

---

[1] Petitioner has also filed a document labeled "Motion for Credit for Time Served." (ECF No. 12.) This filing is more properly construed as a notice of filing a writ of mandamus with the Superior Court of Fulton County, as was suggested by Respondents in their motion to dismiss. The Court has considered the fact that Plaintiff has now filed that action for writ of mandamus in its consideration of the pending motion. To the extent Petitioner's filing can be construed as a motion, it is hereby denied.

[2] Hereinafter: "Pet."

("DOR") improperly calculated his maximum possible release date. (*Id*. at 1.) Petitioner argues that he has not been credited for some of the time he spent in jail pending his trial, and that Georgia law specifically requires granting him a day-for-day credit for his time served. (*Id*. at 4.)

When Petitioner filed a grievance with the GDOC regarding the calculation of his release date, they gave him a list of dates considered in calculating his time served. (*See* Pet. Ex. 2, ECF No. 1-2.) Petitioner argues that this list skips time that he was actually in jail awaiting trial (or serving his revoked probation time in jail), and that Respondents incorrectly found that he made bond several times during this pretrial period. (Pet. 4.) Petitioner appealed this grievance denial to the GDOC Central Office, which responded that there were no discrepancies found regarding his jail credit and his maximum release date has been correctly calculated. (Pet. Ex. 3, ECF No. 1-3.)

Respondents contend that Petitioner's application for habeas relief should be dismissed because he has failed to exhaust his available state remedies. (Resp'ts' Br. in Supp. of Mot. to Dismiss 1, ECF No. 9-1.) Specifically, Respondents show the Court that state remedies remain available to Petitioner in order to obtain the relief he seeks, namely, an action for writ of mandamus in the Superior Court of Fulton County. (Resp'ts' Br. 3-4.)

"Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams*

*v. Taylor*, 529 U.S. 420, 437 (2000).  Accordingly, 28 U.S.C. § 2254(b)(1)(A)[3] prohibits a court from granting an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State."  *See also Trevino v. Thaler*, -- U.S. --, 133 S. Ct. 1911, 1922 (2013) ("[A] state prisoner [who] fails to exhaust state remedies . . . [or] has failed to meet the State's procedural requirements for presenting his federal claims will not be entitled to federal habeas relief unless he can show 'cause' to excuse his default.") (internal quotation marks and citation omitted) (alterations in original); *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) ("A petitioner cannot bring a federal habeas claim without first exhausting state remedies[.]").  "A petitioner cannot satisfy the exhaustion requirement if . . . he has failed to avail himself of any available procedure by which he has the right to raise his claim in state court."  *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (internal quotation marks and citation omitted).  "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion."  *Id.* (citations omitted).

It is undisputed that no state court has considered the issues raised by Petitioner in his federal habeas petition.  Petitioner urges the court, however, to excuse the lack of exhaustion because "it would have been redundant and illogical for petitioner to have appealed to the GDC, been denied relief and to simultaneously file a mandamus in that same county."  (Pet'r's Reply Br. 1-2, ECF No. 11.)  The Court disagrees.  Petitioner assumes that an appeal to the GDOC and a petition for writ of mandamus in the

---

[3] Although the Petition was construed as seeking relief under 28 U.S.C. § 2241, the provisions of both § 2241 and 28 U.S.C. § 2254 apply because Petitioner is a state prisoner in state custody pursuant to a judgment of state courts.

3

appropriate state court will necessarily have the same outcome.  This is certainly not a foregone conclusion given that one is an administrative remedy whereas the other is judicial.  While the Court cannot know what might come of a petition in state court, neither can Petitioner, and therefore, he must make the required attempt at the state judicial level to resolve the issues before filing in federal court.  In fact, as shown by Petitioner's filing received on May 30, 2014 (ECF No. 12), Petitioner has now filed an application for writ of mandamus in the Superior Court of Fulton County.  Petitioner contends that the state "has not acknowledged those filings," but this has no bearing on the decision the Court makes herein because that remedy has still not been fully exhausted.  (*Id*. at 1.)

Consequently, as it is undisputed that Petitioner has not exhausted his available state remedies as required, and the Court finds that he is not entitled to be excused from that failure, it is recommended that Respondents' motion to dismiss be granted and Petitioner's application for a writ of habeas corpus be dismissed to allow Petitioner to exhaust his state remedies.

## II.   Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this

standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

WHEREFORE IT IS RECOMMENDED that Respondents' Motion to Dismiss (ECF No. 9) be GRANTED, and Petitioner's application for a writ of habeas corpus be DISMISSED without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 7th day of August, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE